```
           IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF MARYLAND
```

|                                   |   |                                |
|-----------------------------------|---|--------------------------------|
| STELLA MARION REEVES              | : |                                |
|                                   | : |                                |
| v.                                | : | Civil Action No. DKC 23-2169   |
|                                   | : |                                |
| UNIVERSITY OF MARYLAND CAPITAL REGION HEALTH | : |                    |

**MEMORANDUM OPINION**

On August 10, 2023, *pro se* Plaintiff Stella Marion Reeves ("Plaintiff") filed a complaint (the "Original Complaint") against Defendant University of Maryland Capital Region Health ("Defendant"), purporting to bring a claim for medical malpractice and negligence. (ECF No. 1). In the Original Complaint, Plaintiff designated federal question jurisdiction as the basis for the court's jurisdiction, but did not identify any particular statute for that assertion. On August 30, 2023, the court issued an order to show cause why this case should not be dismissed for lack of subject matter jurisdiction for lack of a federal cause of action. (ECF No. 4). The court noted that the Emergency Medical Treatment and Labor Act ("EMTALA"), 42 U.S.C. § 1395dd, is one federal statute that may apply to Plaintiff's claims. (*Id.*). In response, Plaintiff filed an amended complaint (the "Amended Complaint"), which included allegations that Defendant violated EMTALA. (ECF No. 5). Presently pending and ready for resolution is the motion

to dismiss and request for a hearing filed by Defendant. (ECF No. 10). The issues have been briefed, and the court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, the motion to dismiss will be granted in part and denied in part, and the request for a hearing will be denied.

I. Background

The following facts are alleged in the unverified Amended Complaint. Plaintiff alleges that Defendant "acted with [racially] discriminat[ory] motives in failing to screen, examine and stabilize [her] [severe asthma attack], upon [her] entrance into [Defendant's] Emergency Medical Hospitals Care Facility." (ECF No. 5 ¶¶ 2, 4, 9). As a result, Plaintiff has been diagnosed with "[t]raumatic [v]ertigo" and "[s]ymptoms of an [a]cute [c]oronary [a]rtery [h]eart [d]isease[,]" all of which are "possibly permanent." (*Id.* ¶¶ 29-31).

On September 19, 2023, Plaintiff filed the Amended Complaint. (ECF No. 5). Plaintiff advances claims for (1) a violation of EMTALA; and (2) medical malpractice and neglect. (*Id.*). On January 2, 2024, Defendant filed a motion to dismiss. (ECF No. 10). On April 3, 2024, Defendant filed a supplement to its motion to dismiss. (ECF No. 13). Plaintiff did not respond.

II. Standard of Review

A motion to dismiss under Rule 12(b)(6) tests the sufficiency of the complaint. *Presley v. City of Charlottesville*, 464 F.3d

2

480, 483 (4th Cir. 2006). "[T]he district court must accept as true all well-pleaded allegations and draw all reasonable factual inferences in plaintiff's favor." *Mays v. Sprinkle*, 992 F.3d 295, 299 (4th Cir. 2021). A plaintiff's complaint need only satisfy the standard of Fed.R.Civ.P. 8(a)(2), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief[.]" A Rule 8(a)(2) "showing" still requires more than "a blanket assertion[] of entitlement to relief," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 n.3 (2007), or "a formulaic recitation of the elements of a cause of action[,]" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 545). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that defendant is liable for the misconduct alleged." *Mays*, 992 F.3d at 299-300 (quoting *Iqbal*, 556 U.S. at 663).

*Pro se* complaints must be construed liberally and must be "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). "The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so[.]" *Carmax Auto Superstores, Inc. v. Sibley*, 194 F.Supp.3d 392, 401 (D.Md. 2016), *aff'd*, 730 F.App'x 174 (4th Cir. 2018). Despite this liberal construction requirement, however,

"[p]rinciples requiring generous construction of *pro se* complaints are not . . . without limits." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). Plaintiff's *pro se* status neither excuses her of her obligation to state a plausible claim nor transforms the court into her advocate. *See Thomas v. Salvation Army S. Territory*, 841 F.3d 632, 637 (4th Cir. 2016); *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). When "it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief[,]'" dismissal of a *pro se* complaint is appropriate. *See Haines v. Kerner*, 404 U.S. 519, 521 (1972) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

**III. Analysis**

Defendant seeks to dismiss the Amended Complaint in its entirety.[1] (ECF No. 10-1, at 3). Specifically, Defendant contends that the Amended Complaint is "couched in terms of an [EMTALA] action . . . in name only as . . . Plaintiff continues to allege medical malpractice [against] Defendant." (ECF No. 10-1, at 1-2). In support, Defendant points to multiple instances where Plaintiff alleged medical malpractice and neglect in the Amended Complaint. (*Id.*) (quoting ECF No. 5 ¶¶ 15, 28, 32). Accordingly, Defendant

---

[1] Alternatively, Defendant requests that the court allow "Plaintiff . . . a set number of days to redact all claims of negligence within the Amended Complaint and . . . permit Defendant to file an appropriate answer[.]" (ECF No. 10-1, at 3).

4

urges the court to dismiss the Amended Complaint because Plaintiff did not file for arbitration with the Health Care Alternative Dispute Resolution Office before initiating court action.[2] (*Id.* at 3; ECF No. 13 ¶ 5).

As an initial matter, Defendant improperly conflates Plaintiff's EMTALA claim with her claim for medical malpractice and neglect. In the Amended Complaint, Plaintiff expressly identifies EMTALA as her federal cause of action. (ECF No. 5 ¶¶ 34-35). Plaintiff also repeatedly alleges medical malpractice and neglect. (*See, e.g.*, *id.* ¶¶ 15, 28, 32). Thus, the Amended Complaint can be liberally construed to advance claims for an EMTALA violation *in addition to* medical malpractice and neglect.[3]

---

[2] Although Defendant does not specify the applicable standard governing its motion to dismiss, Defendant's argument that Plaintiff's claim is precluded by her failure to seek arbitration before initiating court action suggests that Defendant moves to dismiss on non-jurisdictional grounds. *See Crawford v. Leahy*, 326 Md. 160, 165 (1992) ("The [Maryland Health Care Malpractice Claims Act's ("HCMCA")] mandatory arbitration requirement does not divest courts of subject matter jurisdiction over health claims, but rather creates a condition precedent to the institution of a court action." (quoting *Ott v. Kaiser-Georgetown Health Plan*, 309 Md. 641, 645-46 (1987))); *Oxtoby v. McGowan*, 294 Md. 83, 91 (1982) ("The [HCMCA] . . . does not take away the subject matter jurisdiction of a . . . court to hear and render judgments in cases involving claims which fall within the [HCMCA]."). If, however, the Amended Complaint only advances a state-law claim for medical malpractice and neglect, then this court would lack subject matter jurisdiction over that claim because there is no diversity of citizenship.

[3] Plaintiff's EMTALA claim will not be dismissed because Defendant raises no other arguments in support of dismissing that claim.

As Defendant contends, however, Plaintiff fails to state a claim for medical malpractice and neglect. The HCMCA "requires, as a condition precedent to filing a malpractice claim in court, that the claimant pursue arbitration [via the Health Care Alternative Dispute Resolution Office—a unit of the executive branch of Maryland's state government]." *Brooks v. Maryland Gen. Hosp.*, Inc., 996 F.2d 708, 711 (4th Cir. 1993); *see also* Md. Code Ann. Cts. & Jud. Proc. § 3-2A-04(a)(1); *Oxtoby*, 294 Md. at 86. "[T]he critical question [in determining whether a claim is subject to the HCMCA] is whether the claim is based on the rendering or failure to render health care and not on the label placed on the claim[.]" *Brown v. Rabbitt*, 300 Md. 171, 175 (1984) (citing *Benson v. Mays*, 245 Md. 632 (1967)). "If health care is or should be rendered and damage results therefrom, then it is a claim under the [HCMCA] and must first be arbitrated." *Id.* A court must dismiss a medical malpractice claim for noncompliance with the HCMCA where the plaintiff has failed to exhaust administrative remedies under the HCMCA. *See Roberts v. Suburban Hosp. Assoc., Inc.*, 73 Md.App. 1, 6 (1987); *Davison v. Sinai Hosp. of Baltimore, Inc.*, 462 F.Supp. 778, 779 (D.Md. 1978), *aff'd*, 617 F.2d 361 (4th Cir. 1980). Because Plaintiff's claim for medical malpractice and negligence stem from Defendant's alleged failure to provide proper medical care, Plaintiff's claim is subject to the HCMCA and

6

Plaintiff must file for arbitration before initiating court action.

Defendant observes that Plaintiff has not pursued arbitration *before* filing the Original Complaint, and instead filed for arbitration on January 11, 2024—after initiating court action. (ECF Nos. 10-1, at 3; 13 ¶ 5).  By failing to respond, Plaintiff concedes the point.  *See Ferdinand-Davenport v. Children's Guild*, 742 F.Supp.2d 772, 777 (D.Md. 2010) (holding that in failing to respond to the defendant's arguments for why her claim should be dismissed, a plaintiff abandoned her claim); *Stenlund v. Marriott Int'l, Inc.*, 172 F.Supp.3d 874, 887 (D.Md. 2016) ("In failing to respond to [defendant's] argument, Plaintiff concedes the point.").   Therefore, only Plaintiff's claim for medical malpractice and neglect will be dismissed.

### IV. Conclusion

For the foregoing reasons, Defendant's motion to dismiss will be granted in part and denied in part.  Defendant's request for a hearing will be denied.  A separate order will follow.

                                                /s/
                                     DEBORAH K. CHASANOW
                                     United States District Judge