IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

STELLA REEVES

    v.    :   Civil Action No. DKC 23-2169

UNIVERSITY OF MARYLAND
CAPITAL REGION HEALTH    :

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this case asserting violations of the Emergency Medical Treatment and Labor Act, 42 U.S.C. § 1395dd ("EMTALA"), is the motion for reconsideration filed by Stella Reeves ("Plaintiff"). (ECF No. 37). The issues have been briefed, and the court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, the motion will be denied.[1]

Plaintiff's motion for reconsideration was filed within twenty-eight days of the court's summary judgment decision and is therefore governed by Fed.R.Civ.P. 59(e). *Mian v. LoanCare Servicing Co.*, No. 21-cv-2419-DKC, 2022 WL 1538626, at *1 (D.Md. May 16, 2022). "Reconsideration is an 'extraordinary remedy,' to be used 'sparingly,' available on only three grounds: 1) an intervening change in controlling law; 2) previously unavailable

---

[1] The factual background is set forth in full in the court's summary judgment opinion. (ECF No. 35, at 1-3).

evidence; or 3) to correct a clear error of law or prevent manifest injustice." *JTH Tax, Inc. v. Aime*, 984 F.3d 284, 290 (4th Cir. 2021) (quoting and citing *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998)).  A Rule 59(e) motion "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Pac. Ins. Co.*, 148 F.3d at 403 (quoting 11 Wright & Miller's Federal Practice & Procedure § 2810.1 (2d ed. 1995)). Where a party presents newly discovered evidence in support of its Rule 59(e) motion, it "must produce a 'legitimate justification for not presenting' the evidence during the earlier proceeding." *Id.* (quoting *Small v. Hunt*, 98 F.3d 789, 798 (4th Cir. 1996)).

Plaintiff's motion for reconsideration provides the same factual narrative as the one before the court at the summary judgment stage, and it rehashes the same arguments.[2]  With respect to the summary judgment decision, Plaintiff does not argue a change

---

[2]  Additionally, Plaintiff takes issue with the court's decision to decide the summary judgment motions without an oral hearing.  (ECF No. 37, at 1, 23).  But this practice is permitted by the local and federal rules and not contrary to due process. Local Rule 105.6 ("Unless otherwise ordered by the Court, . . . all motions shall be decided on the memoranda without a hearing."); Fed.R.Civ.P. 78(b) ("By rule or order, the court may provide for submitting and determining motions on briefs, without oral hearings."); *U.S. Fid. & Guar. Co. v. Lawrenson*, 334 F.2d 464, 467 (4th Cir. 1964) ("[A] hearing on motions filed in a district court is not required by considerations of due process." (collecting cases)).

in controlling law, raise previously unavailable evidence, or identify a clear error of law or manifest injustice. Instead, she simply disagrees with the decision. Disagreement, however, is insufficient to justify the extraordinary remedy that Rule 59(e) offers.

After University of Maryland Capital Region Health ("Defendant") observed in its opposition that Plaintiff had not argued any of the three grounds for reconsideration, Plaintiff sought to address those grounds for the first time in her reply brief. The general rule is that "new arguments cannot be raised in a reply brief." *De Simone v. VSL Pharms., Inc.*, 36 F.4th 518, 531 (4th Cir. 2022) (quoting *United States v. Smalls*, 720 F.3d 193, 197 (4th Cir. 2013)). That being said, Plaintiff is *pro se*, and "trial courts are encouraged to liberally treat procedural errors made by *pro se* litigants." *Bauer v. Comm'r*, 97 F.3d 45, 49 (4th Cir. 1996). Therefore, the court will consider Plaintiff's new arguments raised in her reply brief. Although she still does not contend that there was any change in controlling law, Plaintiff does purport to offer "previously unavailable" evidence. She also generally argues that the summary judgment decision contains clear errors of law causing manifest injustice.

The "previously unavailable" evidence that Plaintiff brings forward is the fact that she was previously employed by Defendant

3

as an emergency room registration clerk, for which she was trained that all patients seeking emergency medical treatment must be "immediately" triaged.  (ECF No. 39, at 2, 4).  Not only was the evidence of her prior employment by Defendant previously available, but Plaintiff also included it in her amended complaint. There, she explained that she was "a prior emergency room medical registration clerk" at University of Maryland Capital Region Health, where she was "trained . . . to thoroughly [e]xamine and [s]creen and evaluate each and every patient."  (ECF No. 5 ¶ 37). She further alleged that she was "extremely familiar with the appropriate standard [for] screening and examination."  (*Id.* ¶ 42).  The resume attached to her amended complaint corroborated her work experience in various Maryland hospitals from 2010–2019 as an emergency room registration clerk, among other positions. (*Id.* at 20–21).

The only new evidence, then, is that Plaintiff had been trained to triage patients seeking emergency medical treatment "immediately."  Evidence was previously unavailable only if it could "not have been discoverable prior to judgment by the exercise of reasonable due diligence."  *JTH Tax*, 984 F.3d at 292 (citing *Boryan v. United States*, 884 F.2d 767, 771 (4th Cir. 1989)).  At least superficially, the fact that Plaintiff was trained by Defendant to render "immediate" triage was discoverable through

her own reasonable due diligence, especially given that she mentioned her training in her amended complaint. She argues, however, that this evidence was "previously unavailable" to her because the head trauma she suffered during the emergency room visit in question has permanently affected her memory, and she only recovers certain memories when her children remind her of them. (ECF No. 39, at 2-3). It is possible that "recovered memories may qualify as new evidence which 'could not have been discovered previously through the exercise of due diligence.'" *In re Stewart*, 78 F.4th 690, 704 (4th Cir. 2023) (Gregory, J., concurring in part and concurring in the judgment) (quoting 28 U.S.C. § 2244(b)(2)(B)(i)).

Even assuming that the court may consider the content of Plaintiff's previous training by Defendant as an emergency room registration clerk, Plaintiff must still show that this new evidence would have changed the outcome. *See Am. Bar Ass'n v. U.S. Dep't of Educ.*, 388 F.Supp.3d 23, 26 (D.D.C. 2019). She does not do so. Plaintiff's duty-to-screen claim under EMTALA was deficient on summary judgment because she did not produce evidence that Defendant "either (1) screened her differently than it would screen any patient in her condition, or (2) that it deviated from its own standard screening policy when it examined Plaintiff." (ECF No. 35, at 11). The fact that Defendant once trained

Plaintiff at an unspecified date to triage patients seeking medical care "immediately" does not cure these deficiencies. The requirement that triage be "immediate" is a vague instruction and one that does not inherently contain a set time limit. The measure of what the hospital means by "immediate" is its average response time to patients in Plaintiff's condition. *See Bergwall v. MGH Health Servs., Inc.*, 243 F.Supp.2d 364, 372 (D.Md. 2002) (explaining that a hospital satisfies its duty to screen if "the hospital 'acts in the same manner as it would have for the usual paying patient'" (quoting *Cleland v. Bronson Health Care Grp., Inc.*, 917 F.2d 266, 272 (6th Cir. 1990))). Plaintiff still fails to prove that Defendant deviated from its own standard screening policy *as it existed the day of her hospital visit.* Finally, Plaintiff's claim continues to suffer from a lack of expert testimony. (ECF No. 35, at 5 ("Plaintiff was required to come forward with record evidence, including expert testimony, sufficient to sustain her burden of proof, and she has not done so.")). For these reasons, Plaintiff's provision of "previously unavailable" evidence is insufficient to warrant relief under Rule 59(e).

Plaintiff also repeatedly remarks that the summary judgment opinion contained clear errors of law that work a manifest injustice. (ECF No. 39, at 1, 3, 6, 11). She does not identify

any particular error of law, however, and her disagreement with the outcome provides no ground for relief.

For the foregoing reasons, Plaintiff's motion for reconsideration will be denied.  A separate order will follow.

                                          /s/
                                     DEBORAH K. CHASANOW
                                     United States District Judge